IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ, | No. C 13-0963 WHA |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |
| v. | |
| CONNIE GIPSON, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted based upon petitioner's claims. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

The victim ("L.") gave the following testimony at petitioner's trial: petitioner lived with her and her family when she was nine years old (Reporter's Transcript ("RT") Exh. 1, Vol. 1, 5-8). He grabbed her by the waist, sat her on top of him, and moved her up and down on his lap while they both remained clothed (RT Exh. 2, Vol. 3, 162-64). Thereafter, petitioner touched her in the same way once or twice a week (*id.* at 165). When L. was 11 or 12 years old, petitioner began rubbing his penis between her vaginal lips and continued to do so twice a week

1  (*id*. at 166-70, 210-12).  Around that time, petitioner also orally copulated her once or twice a
2  week and inserted his fingers into her vagina (*id*. at 212, 239).  On one occasion, petitioner
3  inserted his penis into her vagina and injured her (*id.* at 233-34).  Petitioner also made a video
4  of him having sex with her prior to her 13th birthday (*id*. at 215-22).  Petitioner repeatedly
5  threatened to show the video to her friends and family if she refused to visit petitioner at his
6  apartment (*ibid*.).  After making the video, petitioner again put his penis inside her vagina
7  causing her to bleed (*id*. at 234).

8        L. testified that the last time petitioner sexually molested her was on May 16, 2009 when
9  she was 14 years old (*id.* at 231-42).  Petitioner pushed her down onto his bed, threatened her,
10 put his finger in her vagina, put his mouth on her vagina, put his penis between her vaginal lips
11 and covered her face with a pillow after she screamed when he tried to do more (*ibid*.).
12 Petitioner let her go after she started crying (*ibid*.).  Later on the same day, she and petitioner
13 attended a birthday party at her family apartment (*ibid*.).  During the party, she was sitting with
14 a male friend and petitioner told her that he did not want to see her with the boy (*ibid*.).
15 Petitioner later pushed her against a tree, shook her and told her that he did not want her to have
16 any male friends or talk to anyone (*ibid*.).  After this incident, she went to her mother and for
17 the first time revealed that petitioner had been abusing her (*ibid*.).  On May 17, 2009, her
18 mother reported the abuse to the police (*ibid*.).

19       On May 18, 2009, L. made a pretext phone call to petitioner at the police station which
20 was recorded and later played for the jury (*ibid*.).  During this call, she told petitioner that she
21 had told her father "everything" except that the abuse had begun when she was nine (*ibid*.).
22 Petitioner responded to this by thanking L. for not telling her father, stating "I have to thank you
23 . . . he would have killed me" (*ibid*.).  L. also asked petitioner whether he still had the video he
24 had threatened her with and petitioner responded "[y]es ... I swear I won't blackmail you that
25 way again ... with a video" (*ibid*.).

26       On May 21, 2009, petitioner was arrested at his apartment complex (*ibid*.).  In
27 petitioner's apartment, police found a laptop computer which contained a video of petitioner
28 removing L.'s clothes and engaged in sexual activity with her when she was about 12 years old

2

1  (*ibid.*).

2  At trial, defense counsel argued that although there was a video of petitioner having sex
3  with L., there was no evidence in the video that petitioner used force against L., and further
4  argued that there was insufficient evidence in the record to prove beyond a reasonable doubt all
5  of the other charges against petitioner (RT Exh. 2, Vol. 6, 456-62, 465-68). During oral
6  arguments, defense counsel presented to the jury each element of the various charged offenses
7  and pointed out the missing element of each charged offense (*ibid.*). Defense counsel also
8  called petitioner's roommate as a witness to testify about the nature of L.'s relationship with
9  petitioner (*id.* at 464-65).

10  On July 15, 2010, a jury convicted petitioner of: six counts of aggravated sexual assault
11  on a child under the age of 14 and 10 or more years younger than the defendant; six counts of
12  forcible lewd and lascivious conduct upon a child under the age of 14; forcible sexual
13  penetration; forcible oral copulation; and possession of obscene matter depicting sexual matter
14  involving a person under the age of 18 (*id.* at 1). On December 3, 2010, the trial court
15  sentenced petitioner to an indeterminate term of 90 years to life consecutive to a determinate
16  term of 50 years in state prison (*ibid.*). Petitioner appealed his conviction to the California
17  Court of Appeals which affirmed (*ibid.*). Petitioner then filed a petition for review in the
18  California Supreme Court which was summarily denied (*ibid.*).

19  Petitioner's initial petition for writ of habeas corpus was denied by the Santa Clara
20  Superior Court, and his next petition was summarily denied by the California Supreme Court
21  (*ibid.*). On March 23, 2013, petitioner filed the instant petition claiming that: 1) his state
22  conviction violated Section[1] 654 of the California Penal Code and his right to due process; and
23  2) his counsel provided ineffective assistance at trial.

24  **ANALYSIS**

25  **I.    STANDARD OF REVIEW**

26  A district court may not grant a petition challenging a state conviction or sentence on the
27  basis of a claim that was reviewed on the merits in state court unless the state court's

---

[1] All statutes are from the California Penal Code unless otherwise indicated.

3

adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## II.  PETITIONER'S CLAIMS

### 1.  Violation of Section 654 and Petitioner's Right to Due Process

Petitioner claims that the trial court violated his federal right to due process by imposing multiple sentences for the same offense in violation of California Penal Code Section 654. Section 654(a) provides:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

Petitioner claims that all of his crimes were part of the same offense because all counts involved the same victim and were "connected by a common scheme or plan" (Pet. Exh. A at 2-3).

A violation of state law, in this case Section 654, is not a valid basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). However, in limited circumstances, the misapplication of a state sentencing law may violate federal due process. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Under such circumstances, the constitutional question "is whether [the alleged error] is so arbitrary or capricious as to constitute an independent due process" violation. *Ibid.* "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Petitioner's due process claim fails because he has failed to show any misapplication of state law. In *People v. Perez*, 23 Cal. 3d 545, 553 (Cal. 1979), the California Supreme Court

4

held that multiple, separate crimes are not considered a single course of conduct under Section 654 and may be punished separately. Thus, Section 654 does not preclude separate punishment for multiple sex offenses which, although closely linked in time, are separate and distinct. *See id.* In petitioner's state petition for writ of habeas corpus, the Santa Clara Superior Court rejected petitioner's claim of sentencing error under Section 654 stating:

> [T]he record unequivocally establishes that the vast majority of counts are not connected in time, and in fact span more than 6 years in their commission. Each charged offense represented a separate and distinct sexual assault upon victim 'L.' and none are subject to the limitation of Penal Code Section 654.

(Pet. Exh. B at 2-3). The evidence in the record provides ample evidence that the state court's sentencing procedure in this case was based on findings that petitioner committed multiple "separate and distinct sexual assault[s]" against L. on separate occasions (*ibid.*). The evidence shows that when L. was nine years old, petitioner grabbed her by the waist, sat her on top of him, and moved her up and down on his lap while they both remained clothed (RT Exh. 2, Vol. 3, 162-64). Petitioner touched her in this manner once or twice a week (*id*. at 165). When L. was 11 or 12 years old, petitioner began removing L.'s clothes and rubbing his penis between her vaginal lips once or twice a week (*id*. at 1667-70, 210-12). Around that time, petitioner also orally copulated L.'s vagina once or twice a week and inserted his fingers into her vagina (*id.* at 212, 239). On two separate occasions, petitioner inserted his penis into L.'s vagina hurting her (*id*. at 233-34). The final time petitioner molested L. when she was 14, he pushed her onto his bed, threatened her, put his finger in her vagina, put his mouth on her vagina, and covered her face with a pillow after she screamed when he tried to do more (*id*. at 231-42).

This summary of events demonstrates that the trial court acted in conformity with Section 654 when it sentenced petitioner to consecutive terms for his various crimes against the victim. Accordingly, petitioner's claim that his due process rights were violated based upon a misapplication of Section 654 fails.

### 2.   Ineffective Assistance of Counsel

Petitioner claims that trial counsel provided ineffective assistance by: 1) failing to argue to the jury that there was insufficient evidence that he sexually molested L. on any occasion other than when it was recorded on video; 2) improperly advising him to go to trial on the

5

charges rather than accept a plea bargain for a 19-year sentence; 3) failing to objecting to his sentence as violating Section 654; 4) failing to conduct a pre-trial investigation, locate alibi witnesses, or introduce expert testimony; and 5) refusing to request a jury instruction on the concept of corpus delecti pursuant to the model instruction CALJIC No. 2.72.

### A.   Standard of Review

Under *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the claim of ineffective assistance of counsel must be evaluated using two-prongs. Under the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When assessing performance of defense counsel under this first prong, the reviewing court must be "highly deferential" and must not second-guess defense counsel's trial strategy. *Id.* at 689. Thus, the relevant inquiry is not what defense counsel could have done but rather whether the choices made by defense counsel were reasonable. *See Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). There is a "wide range of reasonable professional conduct," and a "strong presumption" that counsel's conduct fell within that range. *Strickland*, 466 U.S. at 689. Under the second prong of the *Strickland* test, petitioner bears the highly demanding" and "heavy burden" of establishing actual prejudice. *Williams v. Taylor*, 529 U.S. 362, 394 (2000). Defendant has the burden of showing through "affirmative" proof that there was a "reasonable probability that but for counsel's unprofessional errors, the result ... would have been different." *Id.* at 694. A reasonable probability is defined under *Strickland* as "a probability sufficient to undermine confidence in the outcome." *Id.* If the absence of prejudice is clear, a court should dispose of the ineffectiveness claim without inquiring into the performance prong. *Id.* at 692.

### 1.   Defense Counsel's Allegedly Deficient Arguments

Petitioner first argues that defense counsel rendered ineffective assistance by failing to: 1) challenge the prosecutor's argument on the grounds that he relied solely upon confiscated video to prove all of the alleged sexual assaults; and 2) argue that only the sexual assault captured on the video could be proven beyond a reasonable doubt (Pet. at 4). Neither of these arguments has merit.

6

While the prosecutor cited the video recording as evidence, it was far from the sole evidence used to prove that petitioner had committed the alleged sexual assaults. The prosecutor recounted to the jury all of the counts in chronological order and explained how petitioner had molested L. from age nine until age fourteen on multiple occasions and in multiple ways (RT Exh. 2, Vol. 6, 431-50). He cited not only the confiscated video but also L.'s extensive testimony, her credibility, and the admissions by petitioner during the recorded pretext phone call (*ibid*.). Thus, petitioner's assertion that the prosecution relied solely on the video as evidentiary support for the multiple charges against petitioner is incorrect; counsel cannot be faulted for failing to object to an argument that the prosecutor did not make.

Second, defense counsel did in fact argue that all of the charges against petitioner could not be proven beyond a reasonable doubt based upon the evidence presented (RT Exh. 2, Vol. 6, 456-62, 465-68). During oral arguments, defense counsel presented to the jury each element of the various charged offenses and pointed out the missing elements (*ibid*.). Defense counsel also emphasized the lack of physical evidence in the record supporting the charges (*ibid*.). Accordingly, the record contradicts petitioner's claim that defense counsel did not argue that the alleged sexual assaults not recorded on video could not be proven beyond a reasonable doubt.

### 2. Alleged Failure of Defense Counsel to Provide Effective Plea Bargaining Advice

Next petitioner claims that his counsel rendered ineffective assistance by advising him to proceed to trial rather than accept a plea offer for a 19-year sentence (Pet. at 4). To prove ineffective assistance of counsel at the plea bargaining stage, the analysis under *Strickland* is based on "counsel's judgement and perspective when the plea was negotiated, offered and entered" not on a post-adjudication assessment of the case. *Premo v. Moore*, 131 S. Ct. 733, 742 (2011). To prove prejudice under the second-prong of *Strickland* in the context of a rejected plea offer "a defendant must show that but for the ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that

7

the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgement and sentence that in fact were imposed." *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012).

In his filings, petitioner has simply made an unsubstantiated accusation against defense counsel that she wanted "this Nicaraguan immigrant [] to go to trial where she would make sure [petitioner] received the maximum sentence" (Pet. at 6A). The record does not show that the prosecutor offered petitioner a plea deal for a 19-year sentence, let alone that defense counsel advised him not to take the offer (*See* Exh. 2, Vol. 1-7, 1-507). Moreover, even if such an offer was made and that counsel advised petitioner against taking such a deal, petitioner has not explained why such advice would have been unreasonable under the circumstances that existed at the time of the alleged offer. .

Petitioner has also failed to meet the burden of establishing actual prejudice as required under the second prong of *Strickland*. *See Williams,* 529 U.S. at 394. Petitioner has not provided evidence that: 1) he would have accepted the plea offer in the absence of counsel's advice; 2) that the offer was still open when he would have accepted it; or 3) that the trial court would have accepted a lenient 19-year sentence given the nature of his crimes and the length of the sentence petitioner ultimately received.

Accordingly, petitioner has not shown that defense counsel rendered ineffective assistance with respect to the alleged plea offer.

### 3. Alleged Failure of Defense Counsel to Object to Petitioner's Sentence on Section 654 Grounds

Petitioner next claims that defense counsel rendered ineffective assistance by not objecting to his sentence as a violation of Section 654 (Pet. at 5). As previously explained, however, the sentence did not violate Section 654. It does not prohibit multiple punishments for separate and distinct sexual offenses, and in fact a state court is required to impose consecutive sentences for sexual offenses involving the same victim on separate occasions. *See* Cal. Penal Code Section 667.6(d) (West). The record contains ample evidence proving that petitioner committed separate and distinct sexual assaults against L. over a six-year period. Accordingly, petitioner has not shown that counsel could have made a valid objection to his sentence based

on Section 654.

### 4. Alleged Failure to Conduct Pre-Trial Investigation, Locate Alibi Witnesses, and Introduce Expert Testimony

Petitioner also claims that counsel rendered ineffective assistance by failing to: 1) conduct a pre-trial investigation; 2) locate alibi witnesses; and 3) introduce expert testimony (Pet. at 5). However, petitioner has failed to support these allegations with the specific facts and evidence necessary to warrant habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Petitioner does not explain what favorable evidence a greater investigation would have uncovered, which alibi witnesses defense counsel should have located or how these witnesses would have supported his case, or what expert testimony could have been used to help his defense. Absent specification of the favorable evidence, additional alibi witnesses, or missing expert testimony that he could have used in his defense, petitioner's claim is simply conclusory. He has not shown why counsel's performance was unreasonable or how a different result could have occurred but for counsel's errors. *See, e.g., Matylinsky v. Budge*, 577 F.3d 1083, 1096-1097 (9th Cir. 2009) (in the absence of a declaration by the witnesses demonstrating what they would have said at trial, a petitioner cannot meet his burden to affirmatively show prejudice from the failure to call the witnesses); *Grisby v. Blodgett*, 130 F.3d 365, 372 (9th Cir. 1997) ("speculation about what an expert could have said is not enough to establish prejudice"). Accordingly, petitioner has not proven that defense counsel rendered ineffective assistance on these grounds.

### 5. Corpus Delecti Instruction

Finally, petitioner alleges that defense counsel rendered ineffective assistance by not requesting that the trial court instruct the jury with corpus delecti instructions under CALJIC No. 2.72 (Pet. at 6). CALJIC No. 2.72 provides that:

> No person may be convicted of a criminal offense unless there is some proof of each element of the crime independent of any [confession or admission] made by [him or her] outside of [the] trial.

Cal. Jury Instr. Crim. 2.72. Contrary to petitioner's allegation, the record shows that the trial court did in fact provide the jury with the corpus delecti instructions (RT Exh. 2, Vol. 6, 408-

9

09). Accordingly, petitioner has not proven that defense counsel rendered ineffective assistance on these grounds and habeas relief is not warranted.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

A certificate of appealability will not be issued. *See* 28 U.S.C. Section 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: July  22 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE